HENRIETTA KUBLI, Appellant, v. THOMAS E. ROSETTI, as Property Clerk of the Police Department of the City of New York, Respondent.

First Department, October 31, 1972.

*Louis N. Forman* for appellant.

*Jesse J. Fine* of counsel (*Stanley Buchsbaum* with him on the brief; *Norman Redlich, Corporation Counsel*), for respondent.

McNALLY, J. This case comes here on appeal from an order of the Appellate Term of the Supreme Court, New York County, entered December 9, 1971, affirming a judgment in favor of defendant after trial in the Civil Court. We reverse on the facts

and law and judgment is directed in favor of the plaintiff, without costs, for the following reasons.

The plaintiff, on July 21, 1966, after exiting the PATH turnstile and while walking along the concourse of the PATH Station at 33rd Street, in the Borough of Manhattan, found an envelope containing an unregistered bearer United States bond in the principal amount of $10,000. The bond was a 2½% bond of the 1956–1959 series, issued in 1944, with coupons Nos. 6–31 inclusive attached.

Plaintiff asked a policeman where the nearest police station was, and he directed her to the 30th Street precinct. She turned the bond over to the precinct police who delivered to her a receipt therefor. She and her lawyer demanded the bond (presumably three years later) and were advised that it would not be given to them. The respondent's brief informs us that the bond will be turned over to the Police Department Pension Fund.

The defendant offered no evidence and moved to dismiss at the close of the case. The Trial Judge, upon the ground the decision made by another Civil Court Justice on plaintiff's previous motion for summary judgment was decisive and the "law of the case", granted the defendant's motion and dismissed the complaint. In so doing, the court stated: "If it were not for that fact, the court would have granted judgment for the plaintiff directing the Property Clerk to return the bond."

The bond is lost property. In accordance with article 7B of the Personal Property Law, plaintiff was required to and did turn same over to the custody of the Police Department of New York City.

The security involved in this case is an unregistered U. S. Treasury Coupon Bearer Bond, payable to bearer, issued by authority of section 757 of title 31 of the U. S. Code, as a debt of the United States. If, as defendant contends, the bond is an instrument within the meaning of subdivision 2 of section 251 of the Personal Property Law, the plaintiff may not prevail. Said statute provides: "2. The term 'instrument' as used in this article means a check, draft, promissory note, bond, bill of lading, warehouse receipt, stock certificate or other paper or document, other than money, evidencing, representing or embodying a chose in action or a right with respect to property or a share, participation or other interest in property or in an enterprise."

In our opinion, an instrument is within the scope of the statute if it is within the category of commercial paper, and does not include a bearer bond of the United States payable on demand

and having the attributes of currency. The word " bond " should be read in context with the class of documents enumerated in the statute. The documents appear to have a common denominator, to wit, they are commercial paper.

The Government of the United States is not " an enterprise " within subdivision 2 of section 251, nor are the obligations of the United States " a right with respect to property or a share, participation or other interest in property or in an enterprise ".

Consequently, we hold the instant unregistered bearer bond, payable to bearer, is not commercial paper and is not within the meaning of instruments defined in subdivision 2 of section 251 of the Personal Property Law.

We should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below should have granted. (*Society of N. Y. Hosp.* v. *Burstein,* 22 A D 2d 768.) Accordingly, judgment is directed in favor of plaintiff directing defendant to deliver the bond to plaintiff and in the event possession cannot be given, plaintiff is entitled to judgment in the sum of the face amount of the bond plus the value of the coupons attached, with interest from July 21, 1969.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions are made consonant with this opinion.

STEVENS, P. J., KUPFERMAN, MURPHY and TILZER, JJ., concur.

Order of the Appellate Term of the Supreme Court, First Department, entered on December 9, 1971, and the judgment of Civil Court of the City of New York, entered on February 26, 1970, unanimously reversed, on the law and the facts, without costs and without disbursements, and judgment directed in favor of plaintiff, directing defendant to deliver the bond to plaintiff and in the event possession cannot be given, plaintiff is entitled to judgment in the sum of the face amount of the bond plus the value of the coupons attached, with interest from July 21, 1969. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions are made consonant with the opinion of this court filed herein.